Dr. Jimmy TOMBLIN, Plaintiff,

v.

CHICAGO STATE UNIVERSITY, et al., Defendants.

No. 92 C 2937.

United States District Court, N.D. Illinois, E.D.

July 30, 1992.

Howard B. Brookins, Chicago, Ill., for plaintiff.

David L. Stanczak, Dunn, Goebel, Ulbrich, Morel & Hundman, Bloomington, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On July 10, 1992 this Court announced its oral bench ruling on the motion by

---

Chicago State University and Board of Governors of State Colleges and Universities to dismiss the original Complaint that had been brought by Dr. Jimmy Tomblin ("Tomblin"). Tomblin's counsel has now filed an Amended Complaint ("AC"), but has not done much better the second time around. Accordingly this Court deals sua sponte with some defects that the AC discloses.

No threshold comment is called for as to AC Count II, which simply repeats Tomblin's Title VII claim that had been set out in the original Complaint. But each of the other counts is flawed and must be stricken for lack of subject matter jurisdiction.

As for Count I, it purportedly finds its way into federal court on pendent jurisdiction principles (that itself is now a mistaken label, for the earlier concepts of pendent jurisdiction have been supplanted by the enactment of 28 U.S.C. § 1367's supplemental jurisdiction provisions). But more fundamentally, the Supreme Court continues to adhere to the reading of the Eleventh Amendment that was announced more than a century ago in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)—a reading that bars federal court suits against a State by citizens of that State, even though the Eleventh Amendment literally reads only in terms of citizens of *another* State. In this instance *Cannon v. University of Health Sciences,* 710 F.2d 351, 356–57 (7th Cir.1983) has confirmed that state university agencies such as the two defendants here are equivalent to the State itself and are hence shielded by the Eleventh Amendment. Nor can Tomblin escape that principle by attempting to piggyback his claim onto a claim such as that made in Count II, as to which federal jurisdiction does exist.

As for AC Count III, Tomblin there charges defendants with an equal protection violation, invoking Section 1 of the Fourteenth Amendment. Essentially that charge seeks to obtain payment, out of the State treasury, for a claim equivalent to the direct private right of action that exists against *federal employees* who have violated a plaintiff's constitutional rights—the type of claim that has been recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Any such effort would effectively use the Fourteenth Amendment to trump *Hans* and its reading of the earlier Eleventh Amendment. But that notion has most recently been scotched in *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) (citation omitted):

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity. That Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in *Quern* [*v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)]. [A] principal purpose behind the enactment of § 1983 was to provide a federal forum for civil rights claims, and ... Congress did not provide such a federal forum for civil rights claims against States....

Compare the Supreme Court's like refusal to expand 42 U.S.C. § 1981 in *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 723–24, 735, 109 S.Ct. 2702, 2716–17, 2722, 105 L.Ed.2d 598 (1989).[1]

---

1. Defendants had earlier filed a Motion To Dismiss Counts I and III of the original Complaint—Count I on sovereign immunity grounds (though without citing anything except the Eleventh Amendment itself) and Count III for nonjurisdictional reasons. As to the latter, though, this Court must of course look to its jurisdiction at the outset—as *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986) says:

    > The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

In summary, AC Counts I and III are stricken for lack of subject matter jurisdiction. And although this opinion should not be mistaken as an ultimate ruling on the viability of Count II (that will have to await any responsive pleading by defendants), for the present that claim will stand.

And *Will* teaches that Congress has not chosen to confer on federal courts any power to adjudicate constitutional tort claims directly against the States.